This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant-Appellant DotCom Technologies, Inc. ("DotCom") has appealed from a judgment of the Akron Municipal Court that adopted and affirmed a magistrate's award of $945.07 to Plaintiff-Appellee Wayne Taylor for earned, but unpaid, vacation time. This Court affirms.
 I
Taylor, an employee of DotCom from May 27, 1997 until May 17, 2001, filed a claim in the Small Claims Division of the Municipal Court of Akron for alleged earned, but unpaid, vacation time. A magistrate found that Taylor was entitled to one week of vacation time and entered judgment against DotCom in the amount of $945.07 plus court costs and interest at the statutory rate of ten percent from the date of judgment. DotCom filed objections to the magistrate's findings. On December 14, 2001, the trial court adopted and affirmed the magistrate's decision. DotCom has appealed, asserting one assignment of error.
 II Assignment of Error "THE TRIAL COURT INCORRECTLY ADOPTED THE DECISION OF THE MAGISTRATE GRANTING JUDGMENT TO PLAINTIFF/APPELLEE AGAINST DEFENDANT/APPELLANT IN THE AMOUNT OF NINE HUNDRED FORTY-FIVE DOLLARS AND SEVEN CENTS ($945.07) FOR ONE-WEEK VACATION TIME WHEN NEITHER OHIO LAW NOR DEFENDANT/APPELLANT'S EMPLOYEE HANDBOOK PROVIDES FOR PAYMENT OF UNUSED VACATION."
In its sole assignment of error, DotCom has argued that: 1) Taylor was not entitled to be paid for unused vacation time; 2) the trial court erred by adopting the findings of the magistrate that Plaintiff/Appellee earned one week vacation time prior to his anniversary date of employment with Defendant/Appellant as such finding was against the manifest weight of the evidence; and 3) the employee handbook of DotCom Technologies, Inc. created the terms and conditions of Plaintiff/Appellee Wayne Taylor's employment and prevents him from receiving vacation pay as his employment with DotCom Technologies, Inc. was terminated prior to the anniversary date that he began his employment. DotCom has asserted that Taylor did not meet his burden and establish that he was entitled to vacation time when he was terminated from DotCom and that the record contains no evidence to support the factual findings of the trial court.
A review of the record reveals that no transcript or affidavit stating the facts before the magistrate was submitted to the trial court. "When a party objects to a magistrate's decision, the party must supply the trial court with a transcript of the hearing or an affidavit as to the evidence presented at the magistrate's hearing." Berk Assoc. v. Levin, 9th Dist. No. 01CA007943, 2002-Ohio-3182, ¶ 7, citing Civ.R. 53(E)(3)(b). Because DotCom did not do this, the trial court was required to accept the magistrate's findings of fact and to review only the magistrate's conclusions of law. Id. This Court is also limited to that review. Id., citing Brown v. Brown (Apr. 4, 2001), 9th Dist. No. 20177, at 3-4.[1]
Due to the fact that DotCom failed to provide the trial court with a transcript of the hearing with its objections to the magistrate's decision, this Court does not know what evidence, if any, it produced to support its allegations and claims. Accordingly, this Court concludes that the trial court did not err in adopting and affirming the magistrate's findings. Boggs v. Boggs (1997), 118 Ohio App.3d 293, 301. "Furthermore, without an adequate record, a court of appeals must presume [the] regularity of the [trial] court's judgment based on the [magistrate's] report and recommendations." (Quotations omitted.)Ferrone v. Kovack, 9th Dist. No. 3279-M, 2002-Ohio-3625, ¶ 8. Accordingly, DotCom's sole assignment of error is overruled.
 III
DotCom's sole assignment of error is overruled. The judgment of the trial court is affirmed.
SLABY, P.J., BAIRD, J. CONCUR.
[1] A transcript of the hearing was filed with this Court, but as previously noted, this Court is limited to the evidence that was before the trial court. Further, the transcript submitted is not in compliance with App.R. 9(B) and/or (C).